## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF IOWA

NEAL PATRICK O'FLAHERTY
DYLAN KEITH O'FLAHERTY,
     *Plaintiffs*,

     v.

STATE OF NEVADA EX. REL.,
on behalf of University Police
Services and Las Vegas
Metropolitan Police Department;
STEPHEN F. SISOLAK; AARON
D. FORD; STEVEN B. WOLFSON;
JOSEPH LOMBARDO; STEPHEN
CONNELL; JARVIS DUDLEY;        No. _____
BRAD JANECEK; CARLOS
HANK; FELIX FELIX; CIERRA
SPRONK-LAIR; ADAM GARCIA;
JUANITA FAIN; PAUL VELEZ;
MANUEL WILLIAM SIGARROA;
YUSUF ALLIYANI; RYAN
WILLMAN; MICHAEL WEST,
     *Defendants.*

1.  The brutality suffered by Plaintiffs perpetrated by each named Defendant provides Plaintiffs with legal cause of action to file civil suit against Defendants under 42 U.S. Code § 1983. Defendants have engaged in systemic, criminal violations of the civil, constitutional, consumer, due process, free speech, humans', students', and victims of violent crimes rights of Plaintiffs. The intentional and reckless misconduct of Defendants has led to Plaintiffs experiencing needless pain and suffering, severe mental and emotional distress, and loss of enjoyment of life.

2.  Legal cause(s) of action in this case include: 42 U.S. Code § 1983, 4th Amendment violations, abuse of authority, corruption, false arrest and imprisonment, falsification of evidence, harassment, intentional/reckless infliction of severe emotional distress, perjury, and spoliation of evidence.

3.  Plaintiffs were made victim of assault, battery, harassment, first-degree kidnapping, and doxing of private, personal information with criminal intent by a gang of over one dozen armed-and-dangerous, narcotics-trafficking, gang-affiliated individuals immediately following the Spring 2019 semester.  This gang included at least three active University of Nevada, Las Vegas (UNLV) students and two active College of Southern Nevada (CSN) students.  These crimes were directly aided and abetted by an additional UNLV student who worked for the "student housing" property at which these crimes occurred.  The accrediting agency for UNLV, the Northwest Commission on Colleges and Universities (NWCCU) has confirmed that UNLV staff, administrators, and legal counsel have engaged in a pattern of "fraudulent communications" regarding UNLV's business relationship with this campus-adjacent "student housing" complex in these matters.

4.  Plaintiffs promptly provided sworn statements to the Las Vegas Metropolitan Police Department regarding these crimes.  These sworn statements provided the basis for the State of

Nevada's Victims of Crime Program (VOCP) approving both Plaintiffs as members of the VOCP. The VOCP is directly overseen by Nevada Governor Steve Sisolak and Nevada Attorney General Aaron D. Ford. Despite being repeatedly advised of the victimization suffered by Plaintiffs, Defendants Sisolak and Ford failed in their legal obligations to inform Plaintiffs of their legal right to file for restitution with the VOCP.

5. Upon being made victims of violent crime, Plaintiffs did exactly as university students are instructed to do in such circumstances: Plaintiffs asked university administrators to help in facilitating resolution of the emergency physical safety issues being experienced.

6. As confirmed victims of violent crimes, Plaintiffs possess specific legal rights, including the right to dignified and respectful treatment by prosecutors and law enforcement and the right to reasonable protection from the person or persons accused of the crime. These rights have been flagrantly violated at all times by Defendants in this case.

7. UNLV's University Police Services headquarters was locked on two consecutive dates immediately following the first-degree kidnappings of Plaintiffs. Further, Plaintiffs attempted to call the phone number listed for University Police Services and received no response.

8. On the second consecutive date that UNLV University Police Services was physically closed to the public, Plaintiffs attempted to file sworn criminal reports with the Las Vegas Metropolitan Police Department; LVMPD's South Central Area Command was closed to the public on this date as well. The following day, Plaintiffs were finally able to successfully file sworn criminal reports with LVMPD. Plaintiffs were directly advised by South Central Area Command personnel that Plaintiff's physical safety was in grave danger, and that Plaintiffs should relocate from the "student housing" complex Plaintiffs were residing in at the time.

9.  On the date of Friday, June 7, 2019, an employee directly supervised by former UNLV University Police Services Associate Vice President Juanita Fain stated that she would investigate the matter of University Police Services being closed to the public on two consecutive dates and would provide an explanation to Plaintiffs for this failure of University Police Services to provide a safe and secure campus environment.  Such a response was never provided by UNLV.

10.  Also, on the date of June 7, 2019, Plaintiffs were directed by an employee directly supervised by former UNLV University Police Services Associate Vice President Juanita Fain to terminate their rental agreement at the "student housing" complex at which Plaintiffs had been kidnapped.  This UNLV employee specifically instructed Plaintiffs to cite NRS 33.018 as the underlying basis for the termination of Plaintiffs' rental agreement.  Plaintiffs were not natives of the State of Nevada, and as a result, were generally unfamiliar with Nevada state laws.  Plaintiffs did as instructed by the university employee and submitted a termination of rental agreement.

11.  This termination notice was notarized by the university employee, who was/is a Notary Public within the State of Nevada.  LVMPD officer Brad Janecek subsequently informed Plaintiffs that this university employee was factually incorrect in stating that NRS 33.018 applied to Plaintiffs.  The negligent misinformation supplied to Plaintiffs regarding NRS 33.018 directly led to the "student housing" complex at which Plaintiffs were kidnapped refusing to return the security deposit paid by Plaintiffs.

12.  On the date of Monday, June 10, 2019, former UNLV University Police Services Associate Vice President Juanita Fain directly approved Plaintiffs for an "emergency loan" for Plaintiffs to relocate from the location of Plaintiffs' first-degree kidnappings.  On the dates of June 7 and June 10, 2019, Plaintiffs were repeatedly subjected to fraudulent misrepresentations from multiple

UNLV staff and administrators regarding UNLV's active business relationship with the "student housing" complex at which Plaintiffs were kidnapped.  UNLV staff and administrators clearly displayed criminal intent in fraudulently denying the existence of a business relationship with this "student housing complex".  Former UNLV University Police Services Associate Vice President Juanita Fain and employees directly supervised by Juanita Fain were informed on June 10, 2019 by Plaintiffs that Plaintiffs were aware of the direct business relationship between UNLV and the "student housing" complex at which Plaintiffs were kidnapped.  Plaintiffs directly informed Juanita Fain and staff in her office on June 10, 2019 that Plaintiffs had direct knowledge of UNLV's Reprographics office using university funds to produce advertising materials for this "student housing" complex.  On the afternoon of June 10, 2019, unknown individuals employed by UNLV and/or the Nevada System of Higher Education (NSHE) began physically removing signs labeling the "Reprographics/Design Services/Copy Center" building on UNLV's campus as "Reprographics"; the name of the building was subsequently changed.

13.  Since June 2019, UNLV and NSHE have steadfastly refused to acknowledge that UNLV outside legal counsel Christian E. Hardigree has directly approved Plaintiffs to receive treble damages from UNLV for lost wages as a result of the first-degree kidnappings suffered by Plaintiffs.

14.  On July 3, 2019, Plaintiffs held an in-person meeting with an elected CSUN (UNLV student government) officer/representative regarding the university's criminally negligent response to the crimes suffered by Plaintiffs.  This elected student government representative stated that he was personally aware of long-running criminality on the part of the university's Office of Student Conduct; an office which had refused without explanation on the date of June 7, 2019 to begin an investigation into the documented first-degree kidnappings of Plaintiffs.  The elected CSUN

representative stated on July 3, 2019 that he would be personally reaching out to UNLV University Police Services Director Adam Garcia on behalf of Plaintiffs and that Director Adam Garcia would be in direct contact with Plaintiffs in the immediate future. Director Adam Garcia never contacted Plaintiffs regarding first-degree kidnappings which had occurred within the jurisdiction of UNLV University Police Services.

15. In July 2019, LVMPD officer Brad Janecek directly perjured himself and defrauded Plaintiffs in stating that he had received a "witness statement". There were no third-party witnesses to the crimes that were perpetrated against Plaintiffs; there were only victims of violent crimes (Plaintiffs) and the criminal perpetrators of these violent crimes at the time and location said crimes were committed. Brad Janecek specifically recounted information that had been provided to him in this alleged "witness statement." This information supplied by Brad Janecek was identical to statements provided directly to Plaintiffs by the former property manager for the "student housing" complex at which Plaintiffs were kidnapped in the first-degree. The crimes perpetrated upon Plaintiffs occurred on a Saturday; the former property manager did not work on the property on Saturdays and therefore, was clearly not a "witness", as alleged by Brad Janecek. This information was provided directly to Brad Janecek, as was the fact that the property manager in question had directly admitted to Plaintiffs that an active CSN student had directly admitted to physically assaulting both Plaintiffs. Brad Janecek continued to fraudulently insist that he had received a "witness statement" from a "witness" to the crimes perpetrated against Plaintiffs.

16. At the conclusion of this conversation in July 2019, Brad Janecek stated that he would be filing harassment charges against one of the named criminal perpetrators (an active UNLV student). Plaintiffs indicated directly to Brad Janecek that they would assist law enforcement and

prosecutors in any/all ways necessary to ensure conviction.  To date, Brad Janecek has never followed through on this verbal promise to bring charges; this is a direct violation of the legal rights of Plaintiffs as victims of violent crimes.

17.  On July 24, 2019, Plaintiffs received an e-mail message from UNLV University Police Services employee Michael West, in which Michael West refused to assist Plaintiffs in moving forward with prosecuting the identified criminal perpetrators who had kidnapped Plaintiffs.  This e-mail has been part of a larger pattern on the part of UNLV University Police Services to "coerce, harass, and intimidate" Plaintiffs for coming forward as whistleblowers.  (See: *2020 06-16, NYRA Due Process Amicus Brief, redacted*).

18.  On August 7, 2019, Plaintiffs attended a meeting with former UNLV College of Education Dean Kim K. Metcalf and two UNLV University Police Services officers: Yusuf "Joe" Alliyani and Ryan Willman.  The purpose of this meeting was for UNLV University Police Services to directly acknowledge that the crimes committed against Plaintiff were indeed a university police matter.  Officers Alliyani and Willman directly acknowledged this fact, and directed Plaintiffs to contact their immediate supervisor, Lt. Paul Velez.  Plaintiffs did exactly as instructed by University officers Alliyani and Willman and e-mailed Lt. Paul Velez the following day, August 8, 2019.  In a criminally negligent manner, Lt. Paul Velez failed to ever respond to this written communication from Plaintiffs.

19.  On August 13, 2019, after over two months of suffering criminal retaliation and fraud, Plaintiffs notified UNLV staff of Plaintiffs' intention to transfer to an institution outside the State of Nevada.

20.  University Police Services employees Juanita Fain, Adam Garcia, Paul Velez, Manuel William Sigarroa, Yusuf "Joe" Alliyani, Ryan Willman, and Michael West abjectly failed in providing for the safety of Plaintiffs in these matters.  The intentional and reckless misconduct of Defendants Fain, Garcia, Velez, Sigarroa, Alliyani, Willman and West continue to actively endanger all law-abiding students, staff, and guests on UNLV's Paradise, Nevada campus.

21.  Juanita Fain directly refused Plaintiff's request to be provided with security while Plaintiffs moved belongings from the "student housing" apartment at which Plaintiffs were kidnapped directly outside of.  As a result, Plaintiffs were subjected to repeated threats of violence via illegal firearms by multiple active UNLV and CSN students that directly participated in the first-degree kidnappings of Plaintiffs.  On multiple occasions, Plaintiffs continued to be made victim of harassment at the apartment complex that Plaintiffs had relocated to; this property is owned and operated by the Nevada System of Higher Education and is directly policed by UNLV's University Police Services.

22.  University Police Services employees Adam Garcia, Paul Velez, Michael West, and Manuel William Sigarroa deliberately and intentionally failed to respond to numerous written communications regarding the confirmed first-degree kidnappings of Plaintiffs.  Upon exhausting all available avenues for redress of grievance at the university level, Plaintiffs began contacting local Las Vegas newspapers reporters on the date of September 24, 2019 (approximately one month after relocating from Nevada under duress and terror).  Immediately upon contacting members of the press, Plaintiffs received a single email on September 24, 2019 from UNLV University Police Services Detective Manuel William Sigarroa, continuing University Police Services' documented efforts to "coerce, harass, and intimidate" Plaintiffs (See: *2020 06-16, NYRA Due Process Amicus Brief, redacted*).  Despite having failed to begin an

investigation into crimes which had been reported directly to University Police Services in May 2019, Detective Sigarroa stated on September 24, 2019: "We investigate all crimes reported to us...". Detective Sigarroa failed to ever respond to a follow-up email from Plaintiffs requesting that he submit questions in writing.

23. In September 2019, Plaintiffs were told by a *Las Vegas Review-Journal* reporter that University Police Services had admitted to deleting the August 7, 2019 body camera footage of Officers Alliyani and Willman. University Police Services failed to conform to litigation hold processes requiring employees not to delete electronically stored information or discard paper documents that may be relevant to a new or imminent legal case (UNLV staff and administrators were informed on the dates of June 7 and June 10, 2019 by Plaintiffs that there was a potential for future litigation regarding these matters).

24. Further, the deleting of this body camera evidence is in direct violation of the Constitution of Nevada, which requires police departments to preserve evidence of violent crimes. Plaintiffs seek default judgment against all named Defendants for this deliberate and criminal spoliation of evidence.

25. Detective Manuel William Sigarroa has entered into a criminal conspiracy to enact false arrest and imprisonment of Plaintiff #2. Detective Sigarroa's criminally fraudulent, unsigned, and undated affidavit in these matters resulted in the false arrest and false imprisonment of Plaintiff #2 for twenty-six days. This arrest was wholly unconstitutional, as Plaintiff was arrested without a warrant being provided. Fourteen months have passed since Detective Sigarroa intentionally perjured himself before the courts of the State of Nevada; no trial was ever brought by the State of Nevada on the fraudulent and knowingly false charges brought by Detective Sigarroa. The wanton criminality perpetrated by Manuel William Sigarroa constitutes

a textbook example of DARVO (Deny Attack Reverse Victim Offender) tactics.  Such conduct is

unlawful and a flagrant violation of the legal rights of Plaintiffs as confirmed victims of violent

crimes.

26.  LVMPD has similarly violated all legal rights of Plaintiffs in these matters.  Sgt. Jarvis

Dudley, the commanding officer of Brad Janecek, has engaged in criminal retaliation upon

Plaintiffs for bringing forth LVMPD Internal Affairs complaints regarding the improper

mishandling of the sworn police reports provided to LVMPD in these matters.  Jarvis Dudley

directly stated to Plaintiffs that Plaintiffs had a choice to make: having first-degree kidnappings

prosecuted or continuing with Internal Affairs.  This is an explicit and criminal threat to make

against violent crime victims.  Jarvis Dudley has explicitly followed through on this threat and

has directly perjured himself in open court in the State of Nevada in these matters.

27.  LVMPD Internal Affairs has white-washed clear-cut criminality on the parts of Brad Janecek

and Jarvis Dudley; LVMPD personnel Carlos Hank, Felix Felix, and Cierra Spronk-Lair have

been directly involved in these efforts.  As commanding officer of South Central Area Command,

Stephen Connell has refused to respond to multiple letters seeking prosecution of the crimes

which have been sworn to by Plaintiffs under criminal penalty of perjury.  As Sheriff of Clark

County, Nevada, Joe Lombardo has ultimate responsibility for the actions of his department.

Sheriff Lombardo's documented explicit condoning of intentional misconduct by his

subordinates in this case has allowed the individuals that perpetrated the first-degree kidnappings

against Plaintiffs to remain at-large.  This intentional misconduct negatively impacts the lives of

all law-abiding citizens nationwide, as at least one first-degree kidnapper has fled the State of

Nevada to avoid criminal prosecution.  This first-degree kidnapper (an active CSN student at the

time of the first-degree kidnappings) has continued to criminally dox the private, personal information of Plaintiffs via the World Wide Web.

28.  Sheriff Joe Lombardo has been publicly quoted as saying, "There's nobody that dislikes a bad cop more than a cop."  If Joe Lombardo truly stood by this quote, the first-degree kidnappings of Plaintiffs would have been long ago prosecuted by LVMPD and the Clark County District Attorney's office.  The evidence in this case clearly shows that this has not occurred solely to help shield the University of Nevada, Las Vegas from financial liability for failing to prevent foreseeable felonies which continued to be perpetrated against Plaintiffs continually from the time of Plaintiffs' kidnappings, and which continue through the present date.  These foreseeable felonies include attempts to murder Plaintiffs on multiple occasions in the immediate aftermath of Plaintiffs' first-degree kidnappings.

29.  The State of Nevada is responsible for enforcing the laws of both the State of Nevada and the United States of America.  In their official capacities, Clark County District Attorney Steven B. Wolfson, Nevada Attorney General Aaron D. Ford, and Nevada Governor Steve Sisolak have criminally violated the legal rights of both Plaintiffs.  The offices of Governor Steve Sisolak have engaged in fraudulent communication against Plaintiffs, in knowingly and willfully misrepresenting the Governor's official oversight capacity of the Nevada System of Higher Education.  Until such time as Defendants Wolfson, Ford, and Sisolak are held to account for facilitating the illegal violation of the legal rights of Plaintiffs, the State of Nevada will continue to be a state in which the law is flagrantly violated on the whims of public officials who, at present, act as if they are above the laws of Nevada and the United States of America.

30.  There is a widespread pattern of egregious police misconduct on university campuses nationwide.  Central Connecticut State University's police department potentially endangered the

life of an officer after the officer had reported being raped by another officer "by denying back-up when she called for it." An outside firm later investigated Central Connecticut State's campus police department and found that the department failed to take holding people accountable seriously. According to an investigation, the Central Connecticut State University police department hired officers with "red flags," including criminal backgrounds.

31. University Police Services has directly endangered the lives of Plaintiffs in failing to even so much as begin an investigation into felony offenses which have been confirmed by the State of Nevada's Victims of Crime Program. It is clear that University Police Services fails to take holding departmental employees accountable seriously and similarly hires individuals with questionable backgrounds. University Police Services Director Adam Garcia has been previously subject to civil rights lawsuits filed against him by officers at his previous institution, the University of Nevada, Reno (UNR). It is public record that officers that have served under Adam Garcia "don't believe the chief rules with fairness and equity." Adam Garcia has also had to publicly apologize for university officers under his direct command threatening to shoot university students whom they are legally sworn to protect. The unlawful atmosphere tolerated under the direct command of Adam Garcia directly led to the criminal retaliation experienced by Plaintiffs since coming forward and reporting the crimes perpetrated at Plaintiffs' expense.

32. In the wake of the murder of University of Utah student-athlete Lauren McCluskey, Utah's Department of Public Safety reported that the University of Utah's police department "did not have a formalized process or procedure for handling IA cases." It is clear that the same can presently be said regarding UNLV's University Police Services. To date, Plaintiffs have never received any written response from UNLV's University Police Services regarding Internal Affairs complaint being submitted directly to University Police Services on October 2, 2019.

33.  It is unacceptable for university staff, administrators, and legal counsel to be allowed to exercise their personal prejudices unburdened by the same laws which are applied to the rest of society.  Campus officers and those to whom they report to are tasked with the undeniably fundamental responsibility of keeping students safe.  UNLV's University Police Services abjectly fails in this endeavor on an ongoing, daily basis.

34.  University law enforcement best practices call for victims to share pictures related to their case on a USB drive rather than transmitting any images via email.  When Plaintiffs attempted to provide former UNLV University Police Services Associate Vice President Juanita P. Fain with a USB drive containing photographic evidence of the crimes perpetrated against Plaintiffs, Juanita P. Fain literally threw her hands up in the air to prevent Plaintiffs from providing her with this evidence.  Such blatantly egregious misconduct is indicative of University Police Services' laissez-faire attitude regarding the safety of law-abiding students.

35.  The Clery Act mandates that colleges and universities track, compile, and disclose crimes on and near their campus, provide timely notification of safety threats, and report on criminal activities.  University Police Services has explicitly failed to abide by The Clery Act, in criminally failing to disclose the first-degree kidnappings (and other related crimes) reported under criminal penalty of perjury by Plaintiffs.

36.  *McCluskey v. State of Utah* (2:19-cv-00449) resulted in a $13.5 million settlement for the family of former University of Utah student-athlete Lauren McCluskey.  In filing their suit, the McCluskey family sought discipline for anyone who "provided and authorized the misleading public statements" previously given by the university that initially denied any inappropriate behavior.

37.  UNLV's University Police Services have similarly engaged in providing and authorizing misleading public statements regarding Plaintiffs' case.  On Friday, September 13, 2019, University Police Services released an email to all UNLV students under the heading of "Kidnapping Hoax".  The kidnappings experienced by Plaintiffs are in no way a "hoax"; they are unfortunately all too real, as directly evidenced by the fact that an active CSN student felt emboldened enough to post video footage of part of these kidnappings on YouTube.  This footage remains on YouTube to this date, despite repeated attempts by Plaintiffs to have LVMPD and University Police Services contact YouTube/Google Law Enforcement to have this footage removed on emergency safety concerns.

38.  Upon receiving a $13.5 million settlement from the University of Utah for failing to prevent foreseeable felonies against her daughter, Jill McCluskey spoke of "...egregious misconduct in betraying a victim's trust...".  As confirmed victims of violent crimes, Plaintiffs have similarly experienced "egregious misconduct in betraying a victim's trust", perpetrated directly by each named Defendant.

39.  Each named Defendant has violated clearly established law.  Plaintiffs seek the waiving of each Defendant's right to qualified immunity from damages.  (See: *2020 06-16, NYRA Due Process Amicus Brief, redacted*).

40.  Plaintiffs seek default judgement for spoliation of evidence.

41.  Each Plaintiff requests default monetary judgement in the amount of $238,560.00 for "treble damages" for lost wages (as directly approved by UNLV outside legal counsel Christian E. Hardigree in June 2019).  Additionally, each Plaintiff seeks $100,000 in restitution from each

named Defendant and requests the Court to determine monetary damages resulting from pain and

suffering, severe mental and emotional distress, and loss of enjoyment of life.

42. Listed Concerned Parties

All crimes described are consistent with all facts presented in LVMPD Case Report Nos.
LLV190500136167 and LLV190700122842, criminal complaints made under penalty of perjury
in the state of Nevada (NRS 199.120).

## Academic Freedom and Ethics Committee
1. Brenda Buck, Chair
   - **Criminal negligence (NRS 193.018)**
2. Michael Hammer, Administrative
   - **Criminal negligence (NRS 193.018)**

## College of Education
3. Kim K. Metcalf, Ph.D., former Dean, College of Education
   - **Criminal negligence (NRS 193.018)**
   - **Providing a knowingly false statement (NRS 618.705)**, on the date of August 13th, 2019
4. Ed Ronca, Director, Education Student Services Center, College of Education
   - **Criminal negligence (NRS 193.018)**
   - **Providing a knowingly false statement (NRS 618.705)**, on the date of August 6th, 2019
5. Daniel Henry, former Academic Advisor, College of Education
6. Ana Hacsi, Administrative Assistant II
   - **Offering false evidence (NRS 199.210)**
   - **Providing a knowingly false statement (NRS 618.705)**
7. Vicky Hoffman, Administrative Assistant III
   - **Offering false evidence (NRS 199.210)**
   - **Providing a knowingly false statement (NRS 618.705)**
8. Kristina Mejia, M.S., Administrative Assistant IV
   - **Offering false evidence (NRS 199.210)**, on the date of August 7th, 2019

## CSUN
9. Savannah Baltera, Director, Student Involvement & Activities

**- Criminal negligence (NRS 193.018)**

10. Patrick Alejaga, former Business Manager, CSUN

**- Criminal negligence (NRS 193.018)**

11. Hannah Patenaude, former President, CSUN

**- Criminal negligence (NRS 193.018)**

**- Providing a knowingly false statement (NRS 618.705)**, on the date of July 23rd, 2019

12. Josh Padilla, Chief of Staff, CSUN

**Faculty Senate**

13. Vicki Rosser, Faculty Senate

**- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

**- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

**- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

**- Criminal negligence (NRS 193.018)**

**- Fraud (NRS 205.377)**

14. Dak Kopec, Faculty Senate

**- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

**- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

**- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

**- Criminal negligence (NRS 193.018)**

**- Fraud (NRS 205.377)**

15. Shannon Sumpter, Faculty Senate

**- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

**- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

**- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

**- Criminal negligence (NRS 193.018)**

**- Fraud (NRS 205.377)**

16. Janis McKay, Faculty Senate

**- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

**- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

**- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

**- Criminal negligence (NRS 193.018)**

**- Fraud (NRS 205.377)**

17. Elaine Bunker, Faculty Senate

**- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

**- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

**- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

**- Criminal negligence (NRS 193.018)**

**- Fraud (NRS 205.377)**

18. Jacob Thompson, Faculty Senate

**- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

**- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

**- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

**- Criminal negligence (NRS 193.018)**

**- Fraud (NRS 205.377)**

19. Neil Opfer, Faculty Senate

**- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

**- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

**- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

**- Criminal negligence (NRS 193.018)**

**- Fraud (NRS 205.377)**

20. Tondra De, Faculty Senate

**- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

**- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

**- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

**- Criminal negligence (NRS 193.018)**

**- Fraud (NRS 205.377)**

21. Honghui Deng, Faculty Senate

**- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

**- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

**- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

**- Criminal negligence (NRS 193.018)**

**- Fraud (NRS 205.377)**

22. William Leavitt, Faculty Senate

**- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

**- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

**- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

**- Criminal negligence (NRS 193.018)**

**- Fraud (NRS 205.377)**

23. Doris Watson, Faculty Senate

**- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

**- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

**- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

**- Criminal negligence (NRS 193.018)**

**- Fraud (NRS 205.377)**

24. Kimberly James, Faculty Senate

**- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

    **- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

    **- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

    **- Criminal negligence (NRS 193.018)**

    **- Fraud (NRS 205.377)**

25. Andrew Reyes, Faculty Senate

    **- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

    **- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

    **- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

    **- Criminal negligence (NRS 193.018)**

    **- Fraud (NRS 205.377)**

26. Bryan Blankfield, Faculty Senate

    **- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

    **- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

    **- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

    **- Criminal negligence (NRS 193.018)**

    **- Fraud (NRS 205.377)**

27. Rhonda Montgomery, Faculty Senate

    **- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

    **- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

    **- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

    **- Criminal negligence (NRS 193.018)**

    **- Fraud (NRS 205.377)**

28. Noelle Lefforge, former Faculty Senate

    **- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

    **- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

   **- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

   **- Criminal negligence (NRS 193.018)**

   **- Fraud (NRS 205.377)**

29. Rosan Mitola, Faculty Senate

   **- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

   **- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

   **- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

   **- Criminal negligence (NRS 193.018)**

   **- Fraud (NRS 205.377)**

30. Addie Rolnick, Faculty Senate

   **- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

   **- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

   **- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

   **- Criminal negligence (NRS 193.018)**

   **- Fraud (NRS 205.377)**

31. Oluwafunmilola Okuyemi, Faculty Senate

   **- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

   **- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

   **- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

   **- Criminal negligence (NRS 193.018)**

   **- Fraud (NRS 205.377)**

32. Paul Forster, Faculty Senate

   **- Aiding and abetting Murder in the first-degree (NRS 200.310.1 and 200.340.1)**

   **- Aiding and Abetting Attempted Murder – Gang Enhancement (NRS 200.310.1 and 200.340.1)**

   **- Fraud and Abuse – Improper Governmental Actions (NRS 281.611.1(a), (c), (d), (e), 281.631.1(a), 281.631.1(b), and 281.631.2)**

- **Criminal negligence (NRS 193.018)**
- **Fraud (NRS 205.377)**

## Financial Aid and Scholarships

33. Norm Bedford, Executive Director, Financial Aid and Scholarships
    - **Criminal negligence (NRS 193.018)**
34. Mark Freeland, Sr. Associate Director, Financial Aid and Scholarships
    - **Criminal negligence (NRS 193.018)**
    - **Malicious acts (NRS 193.0175)**

## Nevada System of Higher Education

35. Melody Rose, Ph.D., Chancellor, Nevada System of Higher Education
    - **Criminal negligence (NRS 193.018)**
36. Thom Reilly, Ph.D., former Chancellor, Nevada System of Higher Education
    - **Criminal negligence (NRS 193.018)**
37. Dean J. Gould, former Chief of Staff and Special Counsel to the Board of Regents
    - **Criminal negligence (NRS 193.018)**
    - **Terrorism (U.S.C. Title 22 Chapter 38, Section 2656f(d))**
38. Jason Geddes, Ph.D., former Chairman, Board of Regents
    - **Criminal negligence (NRS 193.018)**
39. Mark W. Doubrava, M.D., former Vice Chairman, Board of Regents
    - **Criminal negligence (NRS 193.018)**
40. Dr. Patrick R. Carter, Board of Regents
    - **Criminal negligence (NRS 193.018)**
41. Amy J. Carvalho, Board of Regents
    - **Criminal negligence (NRS 193.018)**
42. Carol Del Carlo, Board of Regents
    - **Criminal negligence (NRS 193.018)**
43. Trevor Hayes, former Board of Regents
    - **Criminal negligence (NRS 193.018)**
44. Sam Lieberman, former Board of Regents
    - **Criminal negligence (NRS 193.018)**
45. Cathy McAdoo, Board of Regents
    - **Criminal negligence (NRS 193.018)**

46. Donald Sylvantee McMichael Sr., Board of Regents

    **- Criminal negligence (NRS 193.018)**

47. John T. Moran III, Board of Regents

    **- Criminal negligence (NRS 193.018)**

48. Kevin J. Page, former Board of Regents

    **- Criminal negligence (NRS 193.018)**

    **- Terrorism (U.S.C. Title 22 Chapter 38, Section 2656f(d))**

49. Laura E. Perkins, Board of Regents

    **- Criminal negligence (NRS 193.018)**

50. Rick Trachok, Board of Regents

    **- Criminal negligence (NRS 193.018)**

51. Joseph C. Arrascada, Board of Regents

    **- Criminal negligence (NRS 193.018)**

52. Patrick J. Boylan, Board of Regents

    **- Criminal negligence (NRS 193.018)**

53. Byron Brooks, Board of Regents

    **- Criminal negligence (NRS 193.018)**

54. Lois Tarkanian, Ph.D., Board of Regents

    **- Criminal negligence (NRS 193.018)**

## Office of General Counsel

55. Elda Luna Sidhu, Esq., General Counsel

    **- Criminal negligence (NRS 193.018)**

56. Debra L. Pieruschka, Esq., Assistant General Counsel

    **- Criminal negligence (NRS 193.018)**

    **- Fraud (NRS 205.377)**

    **- Malicious acts (NRS 193.0175)**

    **- Terrorism (U.S.C. Title 22 Chapter 38, Section 2656f(d))**

    **- Violations of the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99).  UNLV/NSHE has been in active violation of this law since Saturday, October 5th, 2019 (the 45th date of notice the University was provided regarding their legally-mandated FERPA obligations)**

    **- Violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681**

    **- Witness intimidation (NRS 199.230)**

57. Erika Noltie, Assistant to Vice President and General Counsel, Office of the General Counsel

   **- Criminal negligence (NRS 193.018)**

58. Sheena Imes, f.k.a. Sheena Clow, Paralegal Researcher, Office of the General Counsel

   **- Criminal negligence (NRS 193.018)**

## Office of Information Technology

59. Lori Temple, Vice Provost for Information Technology

   **- Criminal negligence (NRS 193.018)**

60. Chinam Seto, Supervisor, Google Apps Administrator

   **- Criminal negligence (NRS 193.018)**

## Office of Student Conduct

61. Phillip Burns, Director, Office of Student Conduct

   **- Criminal negligence (NRS 193.018)**

   **- Malicious acts (NRS 193.0175)**

   **- Offering false evidence (NRS 199.210)**, on the date of June 18th, 2019

   **- Providing a knowingly false statement (NRS 618.705)**

   **- Terrorism (U.S.C. Title 22 Chapter 38, Section 2656f(d))**

   **- Violation of rights to due process**

   **- Violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681**

62. Scott Hoffman, MS, Student Conduct Coordinator / Rebel Support Team Care Manager

   **- Criminal negligence (NRS 193.018)**

## Office of Title IX Compliance

*** Phillip Burns, Title IX Deputy Coordinator, ASCA (Association for Student Conduct Administration) National Director, 2013 – 2015*

   **- Criminal negligence (NRS 193.018)**

   **- Malicious acts (NRS 193.0175)**

   **- Offering false evidence (NRS 199.210)**, on the date of June 18th, 2019

   **- Providing a knowingly false statement (NRS 618.705)**

   **- Terrorism (U.S.C. Title 22 Chapter 38, Section 2656f(d))**

   **- Violation of rights to due process**

> **- Violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681**

63. Michelle Sposito, Equal Employment and Title IX

> **- Criminal negligence (NRS 193.018)**
>
> **- Violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681**

64. Barrett Morris, former Sr. Investigator and Title IX Coordinator

> **- Criminal negligence (NRS 193.018)**
>
> **- Violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681**

65. Harriet E. Barlow, Ph.D., Title IX Deputy Coordinator (Executive Director, The Intersection)

> **- Criminal negligence (NRS 193.018)**
>
> **- Violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681**

66. Gregory Gardner, Equal Employment and Title IX Analyst

> **- Criminal negligence (NRS 193.018)**
>
> **- Fraud (NRS 205.377), with maliciousness (NRS 193.0175)**
>
> **- Violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681**

**Office of the Executive Vice President and Provost**

67. Diane Z. Chase, former Executive Vice President and Provost
> **- Criminal negligence (NRS 193.018)**
>
> **- Fraud (NRS 205.377)**
>
> **- Malicious acts (NRS 193.0175)**
>
> **- Witness intimidation (NRS 199.230)**

68. Chris L. Heavey, Ph.D., Interim Executive Vice President and Provost

> **- Criminal negligence (NRS 193.018)**

69. David G. Schwartz, Ph.D., Associate Vice Provost for Faculty Affairs

> **- Criminal negligence (NRS 193.018)**

70. Joanna A. DiBella, MBA, Executive Assistant to the Provost, Chair Elect

> **- Criminal negligence (NRS 193.018)**
>
> **- Malicious acts (NRS 193.0175)**

**Office of the President**

71. Keith E. Whitfield, Ph.D., President

  **- Criminal negligence (NRS 193.018)**

72. Marta Meana, Ph.D., former President

  **- Criminal negligence (NRS 193.018)**

  **- Malicious acts (NRS 193.0175)**


**Office of the Registrar**

  73. Dr. Sam Fugazzotto, Registrar

  **- Criminal negligence (NRS 193.018)**

  **- Violations of the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99). The Office of the Registrar has been in active violation of this law since Saturday, October 5th, 2019 (the 45th date of notice the University was provided regarding their legally mandated FERPA obligations)**


**Office of the Vice President for Student Affairs**

  74. Juanita Fain, Ph.D., Vice President for Student Affairs

  **- Criminal negligence (NRS 193.018)**

  **- Fraud (NRS 205.377)**

  **- Malicious acts (NRS 193.0175)**

  **- Offering false evidence (NRS 199.210)**

  **- Providing a knowingly false statement (NRS 618.705)**

  **- Witness intimidation (NRS 199.230)**

  75. Stephanie Reahm, Special Assistant to the Vice President of Student Affairs

  **- Criminal negligence (NRS 193.018)**

  **- Fraud (NRS 205.377)**

  **- Impersonating an attorney/legal expert**

  **- Malicious acts (NRS 193.0175)**

  **- Offering false evidence (NRS 199.210)**

  **- Providing a knowingly false statement (NRS 618.705)**

  **- Witness intimidation (NRS 199.230)**

  76. Joshua Jensen, Administrative Assistant III, Vice President's Office

  **- Criminal negligence (NRS 193.018)**

  **- Harassment (NRS 200.571)**, on the date of July 25th, 2019

  **- Malicious acts (NRS 193.0175)**

- **Offering false evidence (NRS 199.210)**

- **Providing a knowingly false statement (NRS 618.705)**

<u>School of Life Sciences</u>

77. Ronald T. Brown, Dean, Integrated Health Sciences
- **Criminal negligence (NRS 193.018)**

78. Lung-Chang Chien, DrPH, Public Health

- **Criminal negligence (NRS 193.018)**

<u>SRWC</u>

79. Erin Farrar, Executive Director of Campus Recreational Services and SRWC Facilities

- **Petit larceny (NRS 205.240)**

- **Violation of Chapter 34, §602.17(g)(2): "Makes clear in writing that institutions must use processes that protect student privacy and notify students of any projected additional student charges associated with the verification of student identity at the time of registration or enrollment."**

<u>SRWC, Clinical Services</u>

*\*\*Phillip Burns, Director, Student Wellness*

- **Criminal negligence (NRS 193.018)**

- **Malicious acts (NRS 193.0175)**

- **Offering false evidence (NRS 199.210)**, on the date of June 18th, 2019

- **Providing a knowingly false statement (NRS 618.705)**

- **Terrorism (U.S.C. Title 22 Chapter 38, Section 2656f(d))**

- **Violation of rights to due process**

- **Violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681**

80. Shauna K. Landis, Psy.D., Director, Clinical Services

- **Criminal negligence (NRS 193.018)**

- **Medical malpractice (NRS 41A.097)**

- **Offering false evidence (NRS 199.210)**, on the date of July 29th, 2019

81. Donalda Binstock, MSW, LSW, Care Manager, Student Wellness

- **Criminal negligence (NRS 193.018)**

82. Sonia Dhaliwal, Psy.D. LP, Training Director, Student Counseling and Psychological Services (CAPS)

- **Criminal negligence (NRS 193.018)**

- **Medical malpractice (NRS 41A.097)**

- **Providing a knowingly false statement (NRS 618.705)**

83. James Jobe, Ph.D., former UNLV school Psychologist

- **Criminal negligence (NRS 193.018)**

- **Medical malpractice (NRS 41A.097)**

- **Providing a knowingly false statement (NRS 618.705)**

### U District

84. Chad M. Clark, Community Manager, U District

- **Criminal negligence (NRS 193.018)**

- **Fraud (NRS 205.377)**

- **Grand larceny (NRS 205.220)**

- **Providing a knowingly false statement (NRS 618.705)**

### University Police Services

*\*\* Juanita Fain, Ph.D., Associate Vice President (Associate Vice President/Chief of Police)*

- **Criminal negligence (NRS 193.018)**

- **Fraud (NRS 205.377)**

- **Malicious acts (NRS 193.0175)**

- **Offering false evidence (NRS 199.210)**

- **Providing a knowingly false statement (NRS 618.705)**

- **Witness intimidation (NRS 199.230)**

85. Adam Garcia, Associate Vice President & Director, University Police Services

- **Criminal negligence (NRS 193.018)**

86. Lt. Paul Velez, University Police Services

- **Criminal negligence (NRS 193.018)**

87. Det. M. William Sigarroa, University Police Services

- **Criminal negligence (NRS 193.018)**

- **Terrorism (U.S.C. Title 22 Chapter 38, Section 2656f(d))**

88. Yusuf "Joe" Alliyani, P#298, University Police Services

- **Criminal negligence (NRS 193.018)**

- **Destruction of evidence (NRS 199.220)**

89. Ryan Willman, P#341, University Police Services

- **Criminal negligence (NRS 193.018)**

       **- Destruction of evidence (NRS 199.220)**

90. Michael West, Administrative Assistant II, University Police Services

       **- Criminal negligence (NRS 193.018)**

       **- Providing a knowingly false statement (NRS 618.705)**, on the date of July 24th, 2019

**Additional concerned parties**

91. Heather Rappaport, University of Nevada, Las Vegas

92. Jon Tucker,  University of Nevada, Las Vegas

93. Valentine Baron, University of Nevada, Las Vegas

94. David Freeman, Blackfish Investments

95. Shelley Freeman, Blackfish Investments

96. Josh Freeman, Blackfish Investments

97. Justin Earl, Blackfish Investments

98. Lisa Sherych, Nevada Department of Health and Human Services

99. Erika Pond, Nevada Victims of Crime Program

100. Ross Armstrong, Nevada Department of Child and Family Services

101. Richard Whitley, Nevada Department of Health and Human Services

102. Barnes and Nobles, B&N Inc., Palladium Society member

103. Hilton Hotels and Resorts, Palladium Society member

104. Andrew Cherng, Panda Restaurant Group, Palladium Society member

105. Peggy Cherng, Panda Restaurant Group, Palladium Society member

106. Brian Greenspun, Las Vegas Sun, Palladium Society member

107. Timothy Sell, Office of Civil Rights, Department of Education

108. Bernie Cieplak, Student Privacy Policy Office, Department of Education

43. The Plaintiffs ask of the court to consider granting the impaneling of a grand jury based on the precedent from Madison Smith in Kansas, with applicable law also being in the state of Nevada, where the fraud against the Plaintiffs originated while the Plaintiffs were employees of the State of Iowa. The Plaintiffs request this grand jury to be able to determine the full extent of the already documented "fraud" (NWCCU) that began in Iowa. Plaintiffs request to subpoena relevant concerned parties and witnesses. Plaintiffs recognize the complex nature of this case and wish to make clear through depositions the full parameters of the crimes committed.

Respectfully Submitted,


Neal O'Flaherty
P.O. Box 942
Moriarty, NM 87035


and

Dylan K. O'Flaherty
Dylan O'Flaherty
P.O. Box 942
Moriarty, NM 87035

Date: May 23, 2021

## ELECTRONIC CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on May 23, 2021, true and correct copies of this document have

been served electronically to those on the attached Service List.

Neal O'Flaherty

Date:  May 23, 2021

Dylan K. O'Flaherty

Dylan O'Flaherty

Date:  May 23, 2021

**BRIEF SERVICE LIST**

The undersigned parties hereby certify that on May 23, 2021, electronic copies of the

foregoing Complaint for Neal O'Flaherty and Dylan O'Flaherty, were mailed electronically to the

following:

Aaron D. Ford
State Capitol Building
101 N Carson St.
Carson City, NV 89701
agcomplaint@ag.nv.gov
scheduling@gov.nv.gov

Joseph Charles Reynolds, Chief Counsel
Nevada System of Higher Education
2601 Enterprise Rd.
Reno, NV 89512
jreynolds@nshe.nevada.edu

Lisa Schaller, Executive Director
Insurance & Loss Management
Nevada System of Higher Education
2601 Enterprise Rd.
Reno, NV 89512
lschaller@nshe.nevada.edu

Mandy Hagler, Risk Manager, State of Nevada
201 S. Roop Street, Suite 201
Carson City, NV 89701
mhagler@admin.nv.gov

Office of General Counsel
Las Vegas Metropolitan Police Department
400 S. Martin Luther King Jr. Blvd.
Las Vegas, NV 89106
PIO@lvmpd.com

*Attorneys for Defendant-Appellants*

_____
Neal O'Flaherty
Date:  May 23, 2021

_____
Dylan O'Flaherty
Date:  May 23, 2021

